# EXHIBIT C

Exhibit C

 **CT Corporation**

**Service of Process Transmittal**
05/24/2019
CT Log Number 535551834

**TO:**   L&R Home Office Intake Unit
Allstate Insurance Company
3075 Sanders Rd Ste G4A
Northbrook, IL 60062-7119

**RE:**   **Process Served in Texas**

**FOR:**   ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY  (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | FRANK AND DEBORAH PREVATT, PLTFS. vs. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND STEVEN L. YODER, DFTS. |
| **DOCUMENT(S) SERVED:** | Citation, Original Petition and Request for Disclosure |
| **COURT/AGENCY:** | 215th Judicial District Court Harris County, TX<br>Case # 201934061 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/24/2019 at 14:33 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next after the expiration of 20 days after you were served (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Chad T. Wilson<br>Chad T Wilson Law Firm PLLC<br>455 East Medical Center Blvd., Suite 555<br>Webster, TX 77598<br>832-415-1432 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/25/2019, Expected Purge Date: 05/30/2019<br><br>Image SOP<br><br>Email Notification,  L&R Home Office Intake Unit<br> LawSOPIntakeUnitCT@allstate.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>214-932-3601 |

Page 1 of  1 / RM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CAUSE NO. 201934061

| RECEIPT NO. | 0.00 CIV |
|---|---|
| ......... | TR # 73626357 |

| | |
|---|---|
| PLAINTIFF: PREVATT, FRANK | In The 215th |
| vs. | Judicial District Court |
| DEFENDANT: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | of Harris County, Texas |
| | 215TH DISTRICT COURT |
| | Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY SERVED THROUGH ITS
    REGISTERED AGENT C T CORPORATION SYSTEM
    1999 BRYAN STREET SUITE 900   DALLAS TX  75201 - 3136

    Attached is a copy of PLAINTIFFS' ORIGINAL PETITION JURY DEMAND AND REQUEST FOR
DISCLOSURE

This instrument was filed on the 16th day of May, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 21st day of May, 2019, under my hand and
seal of said Court.

Issued at request of:
WILSON, CHAD TROY
455  EAST MEDICAL CENTER BLVD
SUITE 555
WEBSTER, TX  77598
Tel: (832) 415-1432
Bar No.: 24079587

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: DENMON, BRIANNA JANEL  3B5//11232840

---

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                                    _____ of _____County, Texas

_____          By _____
         Affiant                              Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                    _____
                                         Notary Public

H.INT.CITR.P                   *73626357*

5/16/2019 2:06 PM
Marilyn Burgess - District Clerk Harris County
Envelope No.:33632841
By: Trevor Robinson
Filed: 5/16/2019 2:06 PM

# 2019-34061 / Court: 215

CAUSE NO. _____

| | | |
|---|---|---|
| FRANK AND DEBORAH PREVATT | § | IN THE JUDICIAL COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | |
| | § | HARRIS COUNTY, TEXAS |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY AND STEVEN L. | § | |
| YODER, | § | |
| | § | |
| *Defendants.* | § | _____ DISTRICT COURT |

## PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Frank and Deborah Prevatt, ("Plaintiffs"), and file **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of Allstate Vehicle and Property Insurance Company ("Allstate") and  Steven L. Yoder ("Yoder") (or collectively "Defendants") and for cause of action, Plaintiffs respectfully show the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.    Plaintiffs, Frank and Deborah Prevatt, reside in Harris County, Texas.

3.    Defendant, Allstate Vehicle and Property Insurance Company, is an Illinois insurance company engaged in the business of insurance in the State of Texas.  Plaintiffs request service of citation upon Allstate Vehicle and Property Insurance Company through its registered agent for service:  **C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201–3136**. Plaintiffs request service at this time.

4. Defendant Steven L. Yoder is a licensed Texas insurance adjuster, license registration number 1379184, engaged in the business of adjusting insurance claims in the state of Texas. According to the Texas Department of Insurance self-reported records, Steven L. Yoder is an individual resident of Katy, Texas and may be served with citation at the address listed with the Texas Department of Insurance: **21614 Spring Vine Lane, Katy, Texas 77450.** Plaintiffs request service at this time.

## JURISDICTION

5. The Court has jurisdiction over Allstate Vehicle and Property Insurance Company because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Allstate Vehicle and Property Insurance Company's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

6. The Court has jurisdiction over Steven L. Yoder because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

## VENUE

7. Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8. Plaintiffs assert claims for breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

2

9.    Plaintiffs own an Allstate Vehicle and Property Insurance Company homeowner's insurance policy, number 000836048106 ("the Policy"). At all relevant times, Plaintiffs owned the insured premises located at 4302 Cypresswood Drive, Spring, Texas 77388 ("the Property").

10.   Allstate or its agent sold the Policy, insuring the Property, to Plaintiffs. Allstate or its agent represented to Plaintiffs that the Policy included wind and hailstorm coverage for damage to Plaintiffs' property. Allstate has refused the full extent of that coverage currently owed to Plaintiffs.

11.   On or about January 2, 2019, the Property sustained extensive damage resulting from a severe storm that passed through the Spring, Texas area. The damages to Plaintiffs' Property are obvious, apparent, and exist to a degree more sever than merely cosmetic blemishes.

12.   In the aftermath of the windstorm, hail, and water damage Plaintiffs submitted a claim to Allstate against the Policy for damage to the Property. Allstate assigned claim number 0475235560 to Plaintiffs' claim.

13.   Plaintiffs asked Allstate to cover the cost of damage to the Property pursuant to the Policy.

14.   Damaged areas of the property include, but are not limited to the roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, and HVAC system. The storm compromised the integrity of the roof allowing water to enter, causing water damage to the following areas of the interior of the Property: the master bedroom.

15.   Allstate assigned or hired Ross Oliver ("Oliver") to adjust the claim.

   a.  Ross Oliver had a vested interest in undervaluing the claims assigned to him by Allstate in order to maintain his employment. The disparity in the number of

3

damaged items in his report, twenty-five (25), compared to that of Plaintiffs' Third-Party Adjuster's, fifty-five (55), is evidence of misrepresentation on the part of Oliver. The valuation of damages that were included in Oliver's report, $10,583.55 replacement cost value ("RCV") and $6,874.44 actual cash value ("ACV"), compared to Plaintiffs' Third-Party Adjuster's, $91,033.91 RCV, is also evidence of misrepresentation on the part of Oliver.

b. Furthermore, Oliver was aware of Plaintiffs' deductible before visiting the Property to conduct the inspection. Oliver had advanced knowledge of what amount of damages he needed to find in order to value the claim just the deductible.

c. Oliver made misrepresentations as to the amount of damage Plaintiffs' Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiffs' Property.

d. Oliver made further misrepresentations to Plaintiffs during his inspection. Oliver used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

16. Ross Oliver's inspection occurred on or around September 30, 2017, but Plaintiffs were extremely dissatisfied with his undervaluation, misrepresentations, and mishandling of their claim. Plaintiffs requested that Allstate send another adjuster to re-evaluate the loss.

17. Allstate next assigned or hired Steven L. Yoder to adjust the claim.

a. Steven L. Yoder had a vested interest in undervaluing the claims assigned to him

4

by Allstate in order to maintain his employment. Yoder was sent to make appearances that Allstate was honoring Plaintiffs' request for re-evaluation of their claim but went nonetheless to save Allstate money rather than help Plaintiffs. The disparity in the number of damaged items in his report, twenty-seven (27), compared to that of Plaintiffs' Third-Party Adjuster's, fifty-five (55), is evidence of misrepresentation on the part of Yoder. The valuation of damages that were included in Yoder's report, $12,999.98 RCV and $8,437.38 ACV, compared to Plaintiffs' Third-Party Adjuster's, $91,033.91 RCV, is also evidence of misrepresentation on the part of Yoder.

b. Yoder was also well aware of Plaintiffs' deductible before visiting the Property to conduct his inspection. Yoder had advanced knowledge of what amount of damages he needed to find in order to save Allstate as much money as possible over Plaintiff's deductible, which he attempted to do.

c. Yoder made misrepresentations as to the amount of damage Plaintiffs' Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiffs' Property. Yoder made such misrepresentations with knowledge of their implications that Plaintiffs might unwittingly rely on the representations and forego further recourse on their claim, and Yoder has systematically undervalued many similar claims to such an extent that one may infer he made the misrepresentations with malicious intent against the interests of Plaintiffs.

d. Yoder made further misrepresentations to Plaintiffs during his inspection. Yoder used his expertise to fabricate plausible explanations for why visible damage to

5

Plaintiffs' Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

18. Allstate through its agents, namely Steven L. Yoder and Ross Oliver, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

19. Yoder's re-evaluation of Allstate's adjustment of the claim occurred in early 2018.

20. After application of the policy deductible, Plaintiffs were left without adequate recovery to complete proper, necessary repairs to Plaintiffs' property.

21. To date, Plaintiffs have received $8,437.38 for damage to Plaintiffs' Property. The damage to Plaintiffs' Property is currently estimated at $91,033.91.

22. Following Oliver and Yoder's work on behalf of Allstate, another Allstate representative, Kris Vollmer, requested that Donan engineering perform an assessment of damages to Plaintiffs' Property. Donan was provided with the prior workings of Yoder and Oliver, and essentially hired to bolster Defendants' bad-faith mishandling and undervaluation of Plaintiffs' claim.

23. Since due demand was made on March 1, 2019, Allstate has not communicated that any future settlements or payments would be forthcoming to properly pay for the entire loss covered under the Policy, nor did it provide any reasonable explanation for failing to settle Plaintiffs' claim properly.

24. As stated above, Defendants failed to assess the claim thoroughly. Based upon Defendants'

6

grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Allstate failed to provide full coverage due under the Policy.

25.    As a result of Allstate's failure to provide full coverage, along with Allstate's delay tactics to avoid reasonable payment to Plaintiffs, Plaintiffs have suffered damages.

26.    Allstate failed to perform its contractual duties to Plaintiffs under the terms of the Policy. Specifically, Allstate refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiffs.

27.    Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Allstate and Plaintiffs.

28.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendants have not attempted to settle Plaintiffs' claim in a fair manner, even though Defendants were aware of their liability to Plaintiffs under the Policy. Specifically, Defendants have failed to timely pay Plaintiffs' coverage due under the Policy.

29.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendants failed to provide Plaintiffs a reasonable explanation for not making the full payment under the terms of the Policy.

30.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendants refused to provide full coverage due to Plaintiffs under the terms of the Policy. Specifically Allstate, through its agents,

7

servants, and representatives namely, Steven L. Yoder. Yoder performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

31.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendants failed to reasonably accept or deny Plaintiffs' full claim within the statutorily mandated time after receiving all necessary information.

32.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Defendants have delayed payment of Plaintiffs' claim longer than allowed, and Plaintiffs have not received full payment for the claim.

33.   Defendants' wrongful acts and omissions forced Plaintiffs to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

34.   Each of Defendants' acts and misrepresentations amount to more than a simple disagreement as to the valuation of the covered loss. Defendants knowingly and intentionally represented that the scope and value of damages to Plaintiffs' Property is far less than any reasonable licensed adjuster acting in good faith with intent to deal fairly would represent. The breach of contract claims against Defendants are intricately intertwined with the extracontractual, statutory, DTPA, and consequential damages claimed herein. Allstate will attempt to ask this Court to bifurcate this matter, relying solely on unrelated and inapplicable automotive insurance case precedents, but Plaintiffs

8

ask the Court to consider the judicial economy of such an outrageous request and deny any such attempt.

35. Allstate, acting in concert with Yoder and Oliver, has systematically undervalued, delayed, and hindered Plaintiffs' recovery of Policy benefits owed, which is a standard practice for this company and these individuals that flies in the face of consumer rights and protections afforded in the state of Texas.

## CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

### BREACH OF CONTRACT

36. All allegations above are incorporated herein.

37. Allstate is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Allstate and Plaintiffs.

38. Allstate's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

39. All allegations above are incorporated herein.

40. Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

9

41.   Allstate's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

42.   Allstate's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

43.   Allstate's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

44.   Allstate's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

45.   Allstates's unfair settlement practice of refusing to pay Plaintiffs' claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

46.   All allegations above are incorporated herein.

47.   Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable by TEX. INS. CODE §542.060.

48.   Allstate's failure to notify Plaintiffs in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

49.   Allstate's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

50.   All allegations above are incorporated herein.

51.   Allstate's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

52.   Allstate's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Allstate knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### DTPA VIOLATIONS

53.   All allegations above are incorporated herein.

54.   Allstate's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are consumers of goods and services provided by Allstate pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Allstate. Specifically, Allstate's violations of the DTPA include, without limitation, the following matters:

A.   By its acts, omissions, failures, and conduct, Allstate has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Allstate's violations

11

include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.   Allstate represented to Plaintiffs that the Policy and Allstate's adjusting, and investigative services had characteristics or benefits that they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.   Allstate also represented to Plaintiffs that the Policy and Allstate's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   Furthermore, Allstate advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.   Allstate breached an express warranty that the damages caused by windstorm, hail and water would be covered under the Policy.  This breach entitles Plaintiffs to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.   Allstate's actions are unconscionable in that Allstate took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree Allstate's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

G.   Allstate's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

12

55.     Each of the above-described acts, omissions, and failures of Allstate is a producing cause of Plaintiffs' damages.  All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## CAUSES OF ACTION AGAINST DEFENDANT STEVEN L. YODER

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

56.     All allegations above are incorporated herein.

57.     Steven L. Yoder's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act.  TEX. INS. CODE §541.060(a).

58.     Steven L. Yoder is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Allstate, because Steve L. Yoder is a "person," as defined by TEX. INS. CODE §541.002(2).

59.     Yoder knowingly underestimated the amount of damage to the Property.  As such, Yoder failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy.  TEX. INS. CODE §542.003(3).

60.     Furthermore, Yoder did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim.  TEX. INS. CODE §542.003(4).

61.     Yoder's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.  TEX. INS. CODE §541.060(a)(3).

13

62.   Yoder's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

63.   All allegations above are incorporated herein.

64.   Steven L. Yoder's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.   Plaintiffs are consumers of goods and services provided by Allstate Vehicle and Property Insurance Company pursuant to the DTPA.   Plaintiffs have met all conditions precedent to bringing this cause of action against Steven L. Yoder.   Specifically, Yoder's violations of the DTPA include the following matters:

   A.   By this Defendant's acts, omissions, failures, and conduct, has violated sections 17.46(b)(2), (5), and (7) of the DTPA.   Yoder's violations include, (1) failure to give Plaintiffs the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiffs' Property when liability have become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

   B.   Yoder represented to Plaintiffs that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

14

C:     Yoder represented to Plaintiffs that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.     Yoder's actions are unconscionable in that he took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.    Yoder's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

E.     Yoder's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

65.    Each of 's above-described acts, omissions, and failures is a producing cause of Plaintiffs' damages.    All acts, omissions, and failures were committed "knowingly" and "intentionally", as defined by the Texas Deceptive Trade Practices Act.   TEX. BUS. & COM. CODE 17.45.

## FRAUD

66.    All allegations above are incorporated herein.

67.    Allstate assigned or hired Yoder to adjust the claim.

a.   Steven L. Yoder had a vested interest in undervaluing the claims assigned to him by Allstate in order to maintain his employment.    Yoder was sent to make appearances that Allstate was honoring Plaintiffs' request for re-evaluation of their claim but went nonetheless to save Allstate money rather than help Plaintiffs.  The disparity in the number of damaged items in his report, twenty-seven (27), compared to that of Plaintiffs' Third-Party Adjuster's, fifty-five (55), is evidence

15

of misrepresentation on the part of Yoder. The valuation of damages that were
included in Yoder's report, $12,999.98 RCV and $8,437.38 ACV, compared to
Plaintiffs' Third-Party Adjuster's, $91,033.91 RCV, is also evidence of
misrepresentation on the part of Yoder.

b. Yoder was also well aware of Plaintiffs' deductible before visiting the Property to
conduct his inspection. Yoder had advanced knowledge of what amount of
damages he needed to find in order to save Allstate as much money as possible over
Plaintiff's deductible, which he attempted to do.

c. Yoder made misrepresentations as to the amount of damage Plaintiffs' Property
sustained as well as misrepresentations regarding how much it would cost to repair
the damage to Plaintiffs' Property. Yoder made such misrepresentations with
knowledge of their implications that Plaintiffs might unwittingly rely on the
representations and forego further recourse on their claim, and Yoder has
systematically undervalued many similar claims to such an extent that one may
infer he made the misrepresentations with malicious intent against the interests of
Plaintiffs.

d. Yoder made further misrepresentations to Plaintiffs during his inspection. Yoder
used his expertise to fabricate plausible explanations for why visible damage to
Plaintiffs' Property would not be covered under the policy. Such
misrepresentations include damage to the Property owing from wear and tear,
damage from a previous claim, and damage of a type not consistent with the type
of claim that was made.

68. Yoder knowingly misrepresented material facts with fraudulent intent that Plaintiffs rely

16

on his misrepresentations and allow Allstate to perpetuate its breach of the insurance contract, the Policy, as well as get away with deceptive trade practices and the very malicious practices that the Texas Insurance Code has clearly prohibited.

## NEGLIGENCE

69.   All allegations above are incorporated herein.

70.   Yoder was negligent in his actions with regard to his adjusting of Plaintiffs' claim and violated the standard of care for an insurance adjuster licensed in the state of Texas.  Those failures include one or more of the following acts or omissions:

   a.   Failure to conduct a reasonable inspection;

   b.   Failure to include covered damage that would be discovered as a result of reasonable inspection;

   c.   Failure to identify the proper cause and scope of the damage to Plaintiffs' Property;

   d.   Failure to identify the cost of proper repairs to Plaintiffs' Property; and

   e.   Failure to communicate to Plaintiffs the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiffs' Property.

71.   Yoder's acts and/or omissions constitute negligence.   His conduct was therefore a proximate cause of the damages sustained by Plaintiffs.

72.   At all relevant times, Yoder was an agent or employee of Defendant Allstate Vehicle and Property Insurance Company.

73.   Yoder's unreasonable inspection was performed within the course and scope of his duties with Defendant Allstate Vehicle and Property Insurance Company.  Therefore, Allstate is also liable for the negligence of Steven L. Yoder through the doctrine of respondeat superior.

17

## GROSS NEGLIGENCE

74.   All allegations above are incorporated herein.

75.   Steven L. Yoder's actions or omissions constitute gross negligence as defined in TEX.

CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

   a.   Yoder's actions, when viewed objectively from the standpoint of the actor at the
        time of their occurrence involves an extreme degree of risk, considering the
        probability and magnitude of potential harm to Plaintiffs; and

   b.   Yoder had actual, subjective awareness of the risk involved but nevertheless
        proceeded with conscious indifference to the rights, safety, and/or welfare of
        Plaintiffs.

76.   Yoder intentionally misrepresented the scope and amount of damages on the estimate
      prepared for Plaintiffs' Property on behalf of Allstate Vehicle and Property Insurance
      Company.   His estimate was to such an extreme degree below what another licensed
      adjuster would have done in this situation (as evidenced by the Third-Party Adjuster's
      estimate); it was also in complete disregard for the risk and harm Plaintiffs would suffer if
      the actual damages to the Property were allowed to persist unrepaired.

## KNOWLEDGE

77.   Defendants made each of the acts described above, together and singularly, "knowingly,"
      as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs'
      damages described herein.

## WAIVER AND ESTOPPEL

78.    Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

79.    Since the claim was made, Allstate Vehicle and Property Insurance Company has not properly compensated Plaintiffs for all necessary repairs made, which are covered under the Policy. This has caused undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants' mishandling of Plaintiffs' claim in violation of the laws set forth above.

80.    Defendants made the above and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendants made these false misrepresentations with the intent that Plaintiffs act in accordance with the misrepresentations. Plaintiffs then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiffs suffered damages as a result.

81.    Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and conduct of Defendants have caused Plaintiffs' damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiffs' Property, and any investigative and engineering fees incurred.

82.    For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain, i.e., the amount of Plaintiffs' claim, consequential damages, and attorney's fees.

19

83.  The damage to Plaintiffs' Property is currently estimated at $91,033.91.

84.  For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiffs asks for three (3) times Plaintiffs' actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

85.  For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

86.  For breach of the common-law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Allstate Vehicle and Property Insurance Company owed, and exemplary damages.

87.  Defendants' breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

20

88.    For the prosecution and collection of this claim, Plaintiffs have been compelled to engage
       the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of
       the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance
       Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the
       reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this
       action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

89.    As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states
       that the damages sought are in an amount within the jurisdictional limits of this Court. As
       required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that
       Plaintiffs seek only monetary relief of no less than $200,000.00, but no more than
       $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment
       interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded,
       however. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

90.    Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendants
       disclose, within fifty (50) days from the date this request is served, the information or material
       described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

91.    Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a
       jury consisting of citizens residing in Harris County, Texas. Plaintiffs hereby tender the
       appropriate jury fee.

21

## PRAYER

Plaintiffs pray that Defendants, Allstate Vehicle and Property Insurance Company and Steven L. Yoder, be cited and served to appear, and that upon trial hereof, Plaintiffs, Frank and Deborah Prevatt, have and recover from Defendants, Allstate Vehicle and Property Insurance Company and Steven L. Yoder, such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiffs, Frank and Deborah Prevatt, may show Plaintiffs are justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: *Isl Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Allen B. Landon
Bar No. 24091870
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
alandon@cwilsonlaw.com

22

PROVOST UMPHREY LAW FIRM LLP

David P. Wilson
Bar No. 21672700
DWilson@pulf.com
490 Park Street, Suite 100
Beaumont, Texas 77701
Telephone: (409) 835-6000
Facsimile: (409) 838-8888

ATTORNEYS FOR PLAINTIFFS

23

6/19/2019 8:07 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34484713
By: Lisa Thomas
Filed: 6/19/2019 8:07 AM

CAUSE NO. 201934061

| | |
|---|---|
| FRANK AND DEBORAH PREVATT, | IN THE DISTRICT COURT |
| Plaintiff, | |
| vs. | 215TH JUDICIAL DISTRICT |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND STEVEN L. YODER, | HARRIS COUNTY, TEXAS |
| Defendant. | |

## DEFENDANTS' ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW , Defendants in the above styled and numbered cause of action, and in response to the complaints filed against them, would respectfully show unto this Honorable Court and Jury as follows:

### I.  GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.  SPECIFIC DENIALS

In addition to any Notice required by the applicable insurance policy, Defendant denies that Plaintiff provided the pre-suit Notice required by Chapter 542A.003 of the Texas Insurance Code and Texas Business & Commerce Code § 17.505 (Texas Deceptive Trade Practices Act). Defendant files this answer subject to its verified Motion to Abate.

Plaintiffs' claims are barred, in whole or in part, by policy exclusions and/or limitations

Prevatt, et al. vs. Allstate, et al.
Defendants' Original Answer and Request for Disclosure
0475235560.2

Page 1 of 4

which are listed in the policy made the basis of this suit. All or part of Plaintiff's claims are excluded by the applicable insurance policy.

Plaintiffs failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law. Defendant asserts the limitations and restrictions contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this answer.

## III.  REQUEST FOR DISCLOSURE

Pursuant to Texas Rules of Civil Procedure, Defendant requests that Plaintiff disclose within thirty days of service of this request, the information and material described in Rule 194.2(a) through (l). If this case was filed as an Expedited Action under TRCP 47(c)(1) and/or TRCP 190.2, Defendant further requests disclosure of any and all documents, electronic information, and tangible items that you have in your possession, custody or control and which may be used to support your claims or defenses.

## IV.  JURY DEMAND

Defendants, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, formally request a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

## V.  DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P. 21(f)(2) & 21(a). (HoustonLegal@allstate.com). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

Prevatt, et al. vs. Allstate, et al.                                                                               Page **2** of **4**
Defendants' Original Answer and Request for Disclosure
0475235560.2

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, prays that the Plaintiff recover nothing of and from the Defendants by reason of this suit, that Defendants be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendants may show itself justly entitled, and for which Defendants will in duty bound, forever pray.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

/s/ Kimberly Blum

**KIMBERLY BLUM**
TBN: 24092148
811 Louisiana St Ste 2400
Houston, TX 77002-1401
HoustonLegal@allstate.com
(713) 336-2842
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANT

Prevatt, et al. vs. Allstate, et al.
Defendants' Original Answer and Request for Disclosure
0475235560.2

Page **3** of **4**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendants' Original Answer has been filed with the clerk of the court in writing, and a true and correct copy of Defendants' Original Answer has been delivered to all interested parties on the 19th day of June, 2019, to:

Attorneys for Plaintiffs, Prevatt
Chad T. Wilson, Esq.
Chad T Wilson Law Firm PLLC
455 E Medical Center Blvd Ste 555
Webster TX 77598

David P. Wilson, Esq.
Provost Umphrey Law Firm LLP
490 Park St Ste 100
Beaumont TX 77701                                    ***VIA E-SERVE***

                                    */s/ Kimberly Blum*
                                    **KIMBERLY BLUM**

Prevatt, et al. vs. Allstate, et al.                                    Page **4** of **4**
Defendants' Original Answer and Request for Disclosure
0475235560.2